**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| 27TH INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| HUM FM, LLC and | ) | |
| REHAN SIDDIQI, | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT**

Plaintiff 27th Investments LLC ("27th Investments") files this Complaint against Defendants HUM FM, LLC ("Hum FM") and Rehan Siddiqi ("Siddiqi") (collectively, "Defendants"), showing the Court as follows:

1.

This is a suit on a promissory note executed by Hum FM in favor of 27th Investments and guaranteed by Siddiqi.

2.

There is no dispute that amounts are owed under the note. Despite multiple demands for repayment, Hum FM has defaulted on the note. Siddiqi has defaulted on his guarantee.

1

## PARTIES, JURISDICTION, AND VENUE

### 3.

27th Investments is a Georgia limited liability company.  Its sole member is Anil Damani, a Georgia resident.

### 4.

Hum FM is a Texas Limited Liability Company.  It can be served through its registered agent CANTRELL & CANTRELL, PLLC at 3700 Buffalo Speedway, Suite 1000, Houston, Texas 77098.  *See* **Exhibit A**.

### 5.

Siddiqi is an individual and a resident of Texas.  He can be served at 6161 Savoy Drive, Suite 1140, Houston, Texas 77036.

### 6.

This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1332.

### 7.

The Court has personal jurisdiction over the Defendants pursuant to contractual provisions in the contracts underlying this dispute and because Defendants entered contracts with a Georgia company to be repaid and performed in Georgia.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTS

9.

On July 18, 2019, Siddiqi as Managing Member of Hum FM executed a Secured Promissory Note (the "Note") in favor of 27th Investments, whereby 27th Investments agreed to loan $135,000.00 to Hum FM.  In exchange, Hum FM agreed to repay the loan no later than October 18, 2019.  The Note is attached as **Exhibit B**.

10.

On July 18, 2019, Siddiqi executed the Guaranty and Pledge Agreement ("Guaranty"), whereby he "unconditionally and irrevocably guarantee[d]" . . . the full and punctual payment and performance of the Note.  The Guaranty is attached as **Exhibit C**.

11.

On July 18, 2019, Hum FM executed a Security Agreement whereby it granted 27th Investments a security interest in Hum FM to secure payment of the Note.  The Security Agreement is attached as **Exhibit D**.

12.

The Guaranty provides that 27th Investments may proceed directly against Siddiqi without first proceeding against Hum FM.  Guaranty ¶ 2.1(h).

13.

On July 18, 2019, 27th Investments provided $135,000.00 to Hum FM pursuant to the Secured Promissory Note.

14.

On September 28, 2019, Hum FM paid $37,435.35 in prepayment, fees, and interest.

15.

On October 18, 2019, the date the remaining amount of the loan was due to be repaid with interest, neither Hum FM, nor Siddiqi repaid the loan amount or interest.

16.

If the loan was not repaid on October 18, 2019, it was subject to a 10% late fee.  The Note ¶ 2.3.

17.

Georgia law provides that interest accrues at 7% annually, unless otherwise specified by contract.  O.C.G.A. § 7-4-2.  The unpaid principal is subject to a 7% rate of interest.

18.

On October 28, 2019, counsel for 27th Investments provided Notice of Default to Defendants, notifying them that an Event of Default had occurred under the Note and demanding payment of the remaining loan balance and accrued interest. The letter also declared the amounts were due under the Guaranty.

19.

As of the date of the filing of this Complaint, the unpaid principal of the Note is $112,564.65.   The $37,435.35 referenced above was applied first to the administration and origination fees and original interest, and second to the principal, in accordance with the Note.  27th Investments is entitled to a late fee of $11,256.46, which reflects 10% of the principal amount due.  27th Investments is also entitled to pre-judgment interest at the statutory rate on the unpaid principal which totals $21.59 per day.  As measured from the date of default, October 28, 2019, outstanding pre-judgment interest to the date of the filing of this lawsuit is $13,364.21

**COUNT I**
**Breach of Contract of the Note**
**Against Hum FM**

20.

27th Investments hereby incorporates the preceding paragraphs of this Complaint as if fully restated herein.

21.

27th Investments and Hum FM entered the Note, whereby 27th Investments agreed to loan $135,000.00 to Hum FM, and Hum FM agreed to repay the loan with interest.

22.

27th Investments is entitled to repayment in full of amounts loaned to Hum FM, including interest.

23.

Hum FM has breached the Note by failing to repay the full amount of the loan and interest.

24.

As a result of Hum FM's breach of the Note, 27th Investments has been harmed.

## COUNT II

### Breach of Contract of the Guaranty
### Against Siddiqi

25.

27th Investments hereby incorporates paragraphs 1-19 of this Complaint as if fully restated herein.

26.

27th Investments and Siddiqi entered the Guaranty, whereby 27th Investments agreed to loan $135,000.00 to Hum FM, and Siddiqi agreed to ensure that Hum FM repaid the loan with interest.

27.

27th Investments is entitled to repayment in full of amounts loaned to Hum FM by Siddiqi, plus interest.

28.

Siddiqi has breached the Guaranty by failing to repay the full amount of the loan and interest.

29.

As a result of Siddiqi's breach of the Guaranty, 27th Investments has been harmed.

**COUNT III**
**Attorneys' Fees (contractual)**

30.

27th Investments hereby incorporates paragraphs 1-19 of this Complaint as if fully restated herein.

31.

The Note provide for the Defendants to reimburse 27th Investments for reasonable expenses and fees of counsel incurred in connection with the enforcement of its rights under the agreements.  *See* Note ¶ 10.2.

32.

27th Investments is entitled to recover its expenses of litigation, including, but not limited to, attorneys' fees.

**COUNT IV**
**Attorneys' Fees (statutory)**

33.

27th Investments hereby incorporates paragraphs 1-19 of this Complaint as if fully restated herein.

34.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused 27th Investments to expend unnecessary time, trouble, and expense in bringing this action.

35.

Pursuant to O.C.G.A. § 13-6-11, 27th Investments is entitled to recover its expenses of litigation, including, but not limited to, attorneys' fees.

WHEREFORE, 27th Investments respectfully requests that this Court:

(a)  Award judgment to 27th Investments and against Defendants for the sum of $137,185.32;

(b)  Award 27th Investments its reasonable attorneys' fees and expenses of litigation; and

(c)  Award 27th Investments such other and additional relief as this Court deems just and proper.

Respectfully submitted, this 8th day of July, 2021.

**<u>Kana A. Caplan</u>**
Jessica Cino
Georgia Bar No. 577837
Kana A. Caplan
Georgia Bar No. 621805
KREVOLIN & HORST, LLC

1201 West Peachtree Street, NW
3250 One Atlantic Center
Atlanta, GA 30309
(404) 888-9700
(404) 888-9577
cino@khlawfirm.com
caplan@khlawfirm.com

*Attorneys for Plaintiff*